IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-02398-RM-NYW

CYNTHIA MULLEN,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS, COLORADO; RICHARD A. REIGENBORN, IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF THE COUNTY OF ADAMS; AND WELLPATH, LLC,

    Defendant.

## RESPONSE TO DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS

Plaintiff, Cynthia Mullen, through her attorneys Spencer J. Kontnik and Austin M. Cohen at KONTNIK |COHEN, LLC, submits the following Response to Defendant's Motion to Dismiss, and states the following:

### INTRODUCTION

Defendant repeatedly attempts to argue the well-pled facts of the Amended Complaint rather than apply the proper standard under Fed. R. Civ. P. 12(b)(6). As demonstrated herein, Plaintiff has clearly pled facts demonstrating that Defendant is a recipient of federal financial assistance, and Defendant intentionally discriminated against Plaintiff under the deliberate indifference standard. *See Barber ex rel. Barber v. Colorado Dep't of Revenue,* 562 F.3d 1222, 1228-29 (10th Cir. 2009.)

### LEGAL STANDARD

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not to effectuate the spirit of the liberal rules of pleadings but also to protect the interest of justice."

1

*Dias v. City & Cnty of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009.) A plaintiff need only plead facts that "nudge [her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2021) (holding that a Plaintiff need not establish all the elements of her claim, and a Plaintiff need only set for facts and relevant information "to make the claims plausible on their face.")

## ARGUMENT

Defendant Wellpath does not argue that Plaintiff is not a disabled individual under the Rehabilitation Act, nor does Defendant contend that Plaintiff was not otherwise qualified for the benefit sought. [*See*, Def MTD at 3 (ECF 23).] Instead, Defendant attempts to argue the well-pled facts by claiming that Defendant is not a recipient of federal financial assistance (FFA), and Defendant did not intentionally discriminate toward Plaintiff because it provided reasonable accommodations. *Id*.

1. **Plaintiff's Allegations Demonstrate that Defendant is a Recipient of FFA.**

Generally, within the Tenth Circuit, whether a Defendant is a recipient of FFA is a question of fact. *See Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 986-88 (10th Cir. 2021) (analyzing whether the defendant was a recipient at the summary judgment stage) (citing *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 607 (1986).) Courts within this district have repeatedly noted that whether a defendant is a recipient of federal financial assistance is a question of fact. *Mullen v. South Denver Rehabilitation, LLC,* No. 15-CV-01552-MEH, 2020 WL 2557501, at * 11 (D. Colo. May 20, 2020); *see also Lewis v. Powers,* No. 15-CV-02692-MEH, 2016 WL 11693471, at *9 (D. Colo. May 13, 2016) (holding that "[t]he movants' argument that they were not established by two or more entities and do[ ] not receive

federal financial assistance simply raise questions of fact, which are not properly resolved in a Rule 12(b)(6) analysis.") (internal quotations omitted.)

Other district courts have similarly concluded that whether a defendant is a recipient of federal funding is a question of fact that should be determined after discovery. *See Leron W. Husbands v. Financial Management Solutions,* LLC, et al. No. GJH-20-3618, 2021 WL 4339436, at *8 (D. Md. Sept. 23, 2021) and *Fernandez v. Bruno Northfleet, Inc.*, No. 21-80609-CIV, 2021 WL 4851378, at *4 (S.D. Fla. Oct. 18, 2021) (holding that "[a]ny doubts as to whether the federal funding Defendant received qualifies as 'federal financial assistance' for purposes of Rehabilitation Act coverage are better addressed after discovery, when the evidentiary record has been more fully developed. At the Motion to Dismiss stage, however, Plaintiff has sufficiently alleged facts to support its Rehabilitation Act claim.")

In this case, Plaintiff clearly alleged that "Defendant, WellPath, LLC, is the recipient of federal financial assistance within the meaning of Section 504." [Am. Compl. ¶¶ 18, 64, 203 (ECF 16).] Public records clearly demonstrate that Defendant is a recipient of numerous federal funds and is thus, a recipient of FAA.[1] Even though Plaintiff knows that Defendant is a recipient of federal funds, at this early stage of litigation, Plaintiff is unable to identify the exact nature of the receipt of federal funds. Thus, Plaintiff is unable to proffer more specific allegations than those set forth in the Amended Complaint. [Am. Compl. ¶¶ 18, 64, 203.] To the extent the Court remains unconvinced that Plaintiff has pled sufficient facts demonstrating that Defendant is a

---

[1] Wellpath Spending by Transaction, USAspending, https://www.usaspending.gov/keyword_search/Wellpath (last visited January 4, 2022); Wellpath Loans. USAspending, https://www.usaspending.gov/keyword_search/Wellpath, (last visited January 4, 2022); COVID-19 Spending DOJ to Wellpath, USAspending, https://www.usaspending.gov/award/CONT_AWD_15B40120PVB230041_1540_-NONE-_-NONE- (last visited January 4, 2022.)

3

recipient of FFA, Plaintiff requests permission to conduct limited discovery under Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 34(a-b) to address this narrow issue.

Defendant cites to *Squire v. United Airlines, Inc.,* 973 F. Supp. 1004, 1009 (D. Colo. 1997)*, aff'd sub nom. Squire v. UAL Corp.,* 194 F.3d 1321 (10th Cir. 1999) for the proposition that engaging in a contract with the government does not constitute receiving FFA. [*See* Def. MTD at 4 (ECF 23).] However, in *Squire* the court seemingly acknowledged that Plaintiff should be able to conduct discovery with respect to whether the Defendant is a recipient of FFA. *Squire*, 973 Supp. at 1009. The court declined to address the issue directly because it concluded that summary judgment was warranted under the circumstances on other grounds. *Id*. Specifically, the plaintiffs, in *Squire*, could not establish that they were qualified individuals with disability. *Id*. Contrary to Defendant's argument, the court's reasoning in *Squire* lends support to Plaintiff's position that Plaintiff's allegations are sufficient, and discovery is warranted to determine the factual issue of whether Defendant is a recipient of FFA. *Id*.

Defendant then relies on *Phillips v. Tiona, 508 F.* App'x 737, 739 (10th Cir. 2013) to argue that Title II of the ADA and the Rehab Act do not apply to government contractors. [Def. MTD at 4 (ECF 23).] Defendant's reliance on *Phillips* is erroneous because *Phillips* does not address the issue of whether a plaintiff's specific allegations that a defendant is a recipient of FFA is sufficient under the Rehabilitation Act. *Id*. Instead, *Phillips* addresses the issue of whether a private person is a public entity under Title II ADA. *Phillips,* 508 F. App'x at 748–49. Thus, *Phillips* has no application in this case because Plaintiff has set forth specific allegations related to Defendant's receipt of FFA under the Rehabilitation Act as opposed to Title II of the ADA. [Am. Compl. ¶¶ 18, 64, 159-175, 203 (ECF 16).]

4

Finally, Defendant relies on a non-binding decision from the District Court in Maine, where the court held that Wellpath was not liable as a recipient of FFA. *Swain v. Maine Dep't of Corr.*, No. 1:20-CV-00449-JDL, 2021 WL 3929568 (D. Me. Sept. 2, 2021.) Notably, the District Court of Maine did not engage any analysis regarding the factual allegations in the complaint and, instead, simply concluded that private contractors are not public entities nor programs receiving federal financial assistance. *Id*. The court's holding in *Swain*, as demonstrated above, is contrary to Tenth Circuit precedent and does not account for the factual allegations in this case.

Here, Plaintiff clearly alleged that Defendant receives FFA and has identified a legitimate basis for its belief that Defendant is a recipient of FFA. [Am. Compl. ¶¶ 18, 64, 203 (ECF 16)]; *See* n. 1. Moreover, unlike the *Swain*, Plaintiff has set forth specific allegations regarding the overt acts of the Defendant, or the inactions of Defendant, that demonstrate liability on behalf of the Defendant. [Am. Compl. ¶¶ 159-175 (explaining how Plaintiff was repeatedly denied ASL interpreters during medical care, which Defendant was responsible for providing).] Given the well-established precedent in the Tenth Circuit, Plaintiff sufficiently alleges that Defendant is a recipient of FFA, and the Court should deny Defendant's motion on this basis.

**2. Plaintiff Pled Facts Showing Intentional Discrimination under the RA.**

Defendant argues that Plaintiff cannot demonstrate intent while ignoring the factual allegations that demonstrate Defendant was on notice of Plaintiff's disability and still failed to provide necessary auxiliary aids. [Am. Compl. ¶¶ 22, 124-125, 161, 165, 171-175, 204-205, 206(g-j), 207-208 (ECF 16).] The issue, at this stage, is not whether Defendant's attempt to communicate with Plaintiff via a dry-erase board was, in fact, intentional discrimination, but whether the allegations, when taken as true, could show that Defendant intentionally discriminated against the Plaintiff. *See Barber ex rel. Barber* 562 F.3d at 1228-29. Intentional

5

discrimination in this context, "does not require a showing of personal ill will or animosity toward the disabled person; rather, intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights." *Id*. Further, as Defendant acknowledges the deliberate indifference standard only requires "knowledge that a harm to a federally protected right is substantially likely, and a failure to act . . . upon that likelihood.'" [*See* Def. MTD at 5 (ECF 23).]

Plaintiff has clearly pled facts demonstrating that Defendant had notice of her deafness. [Am. Compl. ¶¶ 22, 124-125, 161, 165, 171-175, 204-205, 206(g-j), 207-208 (ECF 16).] [2] Plaintiff also alleged that the Defendant and its staff were aware that Plaintiff was deaf and required an ASL interpreter. *Id.* Importantly, Plaintiff interacted with Defendant a second time and Plaintiff was unable to communicate with the nurse (i.e., Defendant), and Defendant knew by that Plaintiff was deaf and required an ASL interpreter during the second interaction. [Am. Compl. ¶¶ 161, 170-175.] Plaintiff's disability was open and obvious during the first encounter. *See* n. 2. Thus, there is no reasonable dispute that the factual allegations plausibly demonstrate that Defendant was on notice during Plaintiff's second encounter with Defendant. [Am. Compl ¶171.] The allegations in the Amended Compliant, when accepted as true, show that Defendant knew of Plaintiff's deafness and inability to effectively communicate without an interpreter, and still failed to accommodate Plaintiff's disability. [Am. Compl. ¶¶ 160-162, 165, 171-174.]

---

[2] Deafness can also be considered an "obvious" disability that requires accommodations. *Windham v. Harris Cty., Texas*, 875 F.3d 229, 238 (5th Cir. 2017) (stating that necessary accommodations would be needed for "open obvious and apparent" disabilities for blindness, deafness, or being wheelchair-bound.)

Finally, contrary to Defendant's argument, Plaintiff need not plead specific polices that Defendant had or did not have that led to her discrimination. *See VDARE Found. v. City of Colorado Springs,* 11 F.4th 1151, 1158 (10th Cir. 2021) ("A plaintiff must allege sufficient facts to 'nudge[ ] [his] claims ... across the line from conceivable to plausible.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).) Plaintiff satisfied her pleading requirement by pleading that Defendant "[failed] to make reasonable modifications in policies, practices, or procedures, when such modifications were necessary to afford Ms. Mullen with access to WellPath's services, programs, or activities, and when such modifications would not be unduly burdensome and would not fundamentally alter the nature of services provided by WellPath." [Am. Compl. ¶ 206(h) (ECF 16).] Plaintiff does not have Defendant's specific policies at this early stage of litigation; however, Plaintiff's allegations of the specific instances of discrimination and lack of reasonable accommodations is enough to push the allegations from conceivable to plausible. *VDARE Found,* 11 F.4th at 1158. Since Plaintiff pled facts demonstrating that the Defendant acted with deliberate indifference, Defendant's motion should be denied on this basis.

### 3. Plaintiff Pled Facts Showing that Defendant Did not Accommodate Plaintiff.

Defendant's final argument essentially encompasses its second argument. Defendant argues that a dry-erase board was a reasonable accommodation, and thus, they cannot be held liable for intentional discrimination. [*See* Def. MTD at 7 (ECF 23).] Again, Defendant's argument, in this regard, is a factual dispute and is inappropriate at this juncture. Notably, courts routinely deny summary judgment, let alone a motion to dismiss, in effective communication

cases because it "is inherently fact-intensive" and the "claim[s] often present[] questions of fact precluding summary judgment."³

The issue, at this stage of the litigation, is not whether the provided accommodations were, in fact, reasonable, but whether the allegations, when taken as true, could show that Defendant intentionally discriminated against the Plaintiff. See *Barber ex rel. Barber,* 562 F.3d at 1228-29. Here, Plaintiff clearly pled specific facts demonstrating intentional discrimination by Defendant in alleging that Plaintiff: tried to tell the nurse about her pain; tried to ask medical questions; and was unable to communicate due to the lack of interpreters. [Am. Compl. ¶¶ 160-161, 165, 171-175 (ECF 16).] Plaintiff also alleged that the forms of communication provided, including a dry-erase board, did not allow for effective communication. [Am. Compl. ¶¶ 161-162, 172-173.] Since Plaintiff clearly pled facts sufficient to support the inference that Defendant acted with deliberate indifference, Defendant's motion should be denied on this basis.

## CONCLUSION

Defendant repeatedly attempts to persuade this Court to dismiss Plaintiff's claims by arguing disputed issues of fact. Because Plaintiff has pled sufficient facts alleging that Defendant is a recipient of federal financial assistance and Defendant intentionally discriminated against Plaintiff, dismissal at this preliminary stage is not appropriate. As such, Defendant's Motion to Dismiss should be denied in its entirety. Alternatively, to the extent the Court remains

---

³ *Crane v. Lifemark Hospitals, Inc*. 898 F.3d 1130, 1135 (11th Cir. 2018); *Duffy v. Riveland*, 98 F.3d 447, 454-56 (9th Cir. 1996); *Hans v. Bd. of Shawnee Cty. Commissioners,* No. 16-4117-DDC, 2018 WL 1638503, at *19 (D. Kan. Apr. 5, 2018), aff'd, 775 F. App'x 953 (10th Cir. 2019) ("[n]o bright line rule defines essential steps required to establish effective communication with a hearing-impaired person; instead the inquiry is a fact-specific one."); *Makeen v. State of Colorado, Denver City & Cty*., No. 14-CV-03452-CMA-CBS, 2016 WL 47923 (D. Colo. Jan. 5, 2016) ( "the merits of [plaintiff's] federal claims hinges, in large part, on the question of whether the [d]efendants provided 'appropriate auxiliary aids … this is a fact-specific inquiry …)

unconvinced that Plaintiff has pled sufficient facts demonstrating that Defendant is a recipient of federal financial assistance, this Court should permit limited discovery under Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 34(a-b) to address this narrow issue.

Respectfully submitted on January 5, 2022.

KONTNIK |COHEN, LLC

*s/ Spencer J. Kontnik*
Spencer J. Kontnik
Austin M. Cohen
201 Steele Street, Suite 210
Denver, Colorado 80206
Telephone: (720) 449-8448
skontnik@kontnikcohen.com
acohen@kontnikcohen.com
Attorneys for Plaintiff