IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02398-CNS-MDB

CYNTHIA MULLEN,

    Plaintiff,

v.

RICHARD A. REIGENBORN, in his official capacity as the Sheriff of the County of Adams,

    Defendant.

## ORDER

Before the Court is Defendant's[1] Motion to Strike Plaintiff's Jury Demand (ECF No. 50). The Court GRANTS the motion for the following reasons.

### I. FACTS

The Court incorporates the facts from its prior Order (*see* ECF No. 58). Plaintiff brings a Rehabilitation Act claim against Defendant for intentional discrimination by staff at the Adams County Detention Facility on August 24, 2002, (*see* ECF No. 16). In the instant motion, Defendant moves to strike Plaintiff's jury demand, arguing that a claim raised under the Rehabilitation Act is equitable in nature and, therefore, is not a civil action entitled to a jury trial (ECF No. 50). In the Amended Complaint, Plaintiff requests that the Court award her damages, which included compensatory damages (ECF No. 16). In the Amended Scheduling Order, Plaintiff notes that:

---

[1] This motion was originally filed by the Board of County Commissioners for Adams County, Colorado, and Richard Reigenborn; however, the Board was dismissed in November 2022. (*See* ECF No. 58).

1

> Plaintiff claims compensatory damages (including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss inconvenience, mental anguish, and loss of enjoyment of life, as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable.

(ECF No. 68, p. 6).  Plaintiff did not file a response to this motion and Plaintiff's opposition during conferral under D.C.COLO.LCivR. 7.1 does not constitute a response.  Notwithstanding Plaintiff's failure to respond to the motion, the Court finds that Plaintiff's jury demand should be stricken.

### III.  ANALYSIS

When determining whether a plaintiff is entitled to a jury trial, the Court first looks at the statutory language.  *See Tull v. United States*, 481 U.S. 412, 416-17 (1987).  If the statutory language is silent about a right to a jury trial, the Court must examine whether the right is constitutionally required under the Seventh Amendment.  *See Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 563 (1990).  Section 504 of the Rehabilitation Act does not specifically grant the right to a jury trial and 42 U.S.C. § 1981a(c) does not alter that.  29 U.S.C. § 794; *see also Waldrop v. S. Co. Servs.*, 24 F.3d 152, 156 (11th Cir. 1994).

The Seventh Amendment states "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  U.S. Const. amend. VII.  The crucial factor in determining whether an action is a "suit at common law," and therefore entitled to a jury trial under the Seventh Amendment, is based on the type of remedy available.  *Adams v. Cyprus Amax Mins. Co.*, 149 F.3d 1156, 1159 (10th Cir. 1998). ("The more important factor is whether the remedy sought is legal or equitable in nature.") (citation omitted).  The Court finds persuasive the Eleventh Circuit's analysis wherein it held that actions seeking only equitable relief are not "unaffected by the availability of a jury trial." *Waldrop v. S. Co. Servs.*, 24 F.3d 152,

157 (11th Cir. 1994).  The Eleventh Circuit refrained from ruling that a jury trial is constitutionally required in every action under Section 504 of the Rehabilitation Act, and this Court agrees. *Id*.

As stated in the Amended Scheduling Order, Plaintiff seeks compensatory damages and lists, inter alia, past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss inconvenience, mental anguish, and loss of enjoyment of life.  The Supreme Court has determined that emotional distress damages, which constitute the majority of the damages listed by Plaintiff, are not recoverable in private actions of enforcement under Section 504 of the Rehabilitation Act.  *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022). This leaves Plaintiff only seeking equitable relief,[2] and as such, Plaintiff is not entitled to a jury trial under the Seventh Amendment.

## IV.  CONCLUSION

Accordingly, Defendant's motion to strike Plaintiff's jury demand is GRANTED (ECF No. 50).

DATED this 10th day of February 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[2] Because Plaintiff has failed to respond to the motion to strike, the Court is left to speculate as to the exact nature of Plaintiff's damages.