IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-02398-RM-NYW

CYNTHIA MULLEN,

    Plaintiff,

v.

GENE CLAPS, in his official capacity as the Sheriff of the County of Adams,

    Defendant.

---

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

---

Plaintiff, Cynthia Mullen, through her attorneys at KONTNIK | COHEN, LLC, submit Plaintiff's Motion for Leave to Amend the First Amended Complaint,[1] and in support thereof state as follows:

Pursuant to D.C.ColoLCirR 7.1 undersigned counsel conferred with counsel for the Defendant, and Defendant opposes the relief sought herein.

    I.    PROCEDURAL HISTORY/BACKGROUND

In the abundance of caution, and considering recent developments in the case law, Ms. Mullen seeks leave from this Court to Amend her Complaint to explicitly include a claim for nominal damages and to reinstate her request for a jury trial.[2] Ms. Mullen filed

---

[1] A copy of the proposed Second Amended Complaint is attached as Ex. A per D.C.Colo.LCivR 15.1.

[2] Plaintiff also seeks to Amend the Complaint to update the case caption and certain details clarifying the parties in light of the current procedural status.

1

her First Amended Complaint with this Court on November 8, 2021, alleging claims for discrimination under Section 504 of the Rehabilitation Act ("Rehab Act"). See Am. Compl. [ECF 19]. At the time, the prevailing law was that Ms. Mullen could recover emotional distress damages. *See Cummings v. Premier Rehab Keller PLLC*, 142 S. Ct. 1562, 1576 (2022); *see also Barber ex rel. Barber v. Colorado Dept. of Revenue,* 562 F.3d 1222, 1228 (10th Cir. 2009). Under the amended scheduling order, the deadline to file amended pleadings was December 10, 2021 [ECF 68].

On April 28, 2022, while this case was pending, the Supreme Court issued its ruling in *Cummings*, in which the Supreme Court held that emotional distress damages were not recoverable under the Rehab Act. *See Cummings*, 142 S. Ct. 1562. Since the *Cummings* decision federal courts throughout the country have grappled with the issue of determining what damages are available under the Rehab Act. On May 22, 2023, Judge Wang held that a plaintiff may recover damages for physical pain and suffering under the Rehab Act. *See Williams v. Colorado Dep't of Corr.,* No. 21-CV-02595-NYW-NRN, 2023 WL 3585210, at *7 (D. Colo. May 22, 2023) (permitting physical pain and suffering damages under the Rehabilitation Act). Judge Wang's holding is consistent with other courts from around the country, holding that a plaintiff may recover compensatory and nominal damages under the Rehabilitation Act.[3]

---

[3] *See Chaitram v. Penn Med.-Princeton Med. Ctr*., No. CV2117583MASTJB, 2022 WL 16821692, at *2 (D.N.J. Nov. 8, 2022) (citing *Montgomery v. D.C*, No. 18-1928, 2022 WL 1618741, at *25 (D.D.C. May 23, 2022) ("while [plaintiff] cannot recover either emotional distress or reputation damages in light of *Cummings*, [s]he may be able to recover some small amount of damages to compensate [her] for the opportunity [she] lost when [she] was denied the ability to meaningfully access and participate in her own [interrogation]."); *Nieves v. The Plaza Rehabilitation & Nursing Center & Citadel Care Centers*, No. 120CV01191JLROTW, 2023 WL 4763945, at *10 (S.D.N.Y. July 26,

## II. LEGAL STANDARD

Where a motion to amend a pleading is filed after the scheduling order deadline to amend a pleading, a two-step analysis is required. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Under FRCP 16(b), "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *See Gorsuch*, 771 F.3d at 1240 (citations and quotations omitted). Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. *Id* (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D.Colo.2001). Under FRCP 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed.R.Civ.P 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## III. ARGUMENT

**A. Good Cause Exists Due to a Change in the Law.**

In *Gorsuch,* the Tenth Circuit unambiguously held that a change in the underlying law can satisfy Rule 16's good cause standard. *See Gorsuch*, 771 F.3d at 1240 (citing

---

2023); *Klaneski v. Bristol Hosp., Inc.*, No. 3:22-CV-1158 (VAB), 2023 WL 4304925, at *4 (D. Conn. June 30, 2023); *Vega-Ruiz v. Northwell Health Sys.*, No. 19-CV-537(GRB)(AYS), 2023 WL 2587508, at *3 (E.D.N.Y. Mar. 20, 2023); *A.T. v. Oley Valley Sch. Dist.*, No. CV 17-4983, 2023 WL 1453143, at *4 (E.D. Pa. Feb. 1, 2023); *Doe v. Fairfax Cnty. Sch. Bd.*, No. 118CV00614MSNIDD, 2023 WL 424265, at *5 FN. 2 (E.D. Va. Jan. 25, 2023).

*Pumpco, Inc*, 204 F.R.D. at 668-69). This court specifically found that good cause existed for the plaintiff to extend the deadline to amend the complaint because of the change in law that occurred while the case was pending. *See Pumpco,* 204 F.R.D. at 668-669. Good cause exists in this case because there was a change in the underlying law, which has altered Ms. Mullen's ability to pursue damages under the Rehab Act. *See supra* at n. 3. Because there has been a change in the intervening law, and as demonstrated herein there has been no undue delay, this Court should permit Plaintiff to Amend her Complaint to clarify the damages she is seeking in this action.

  **B. Including a Claim for Nominal Damages is Warranted.**

Next, the Court should freely grant Plaintiff leave to amend her First Amended Complaint because there is no undue delay, undue prejudice, bad faith, and the amendment would not be futile. *See Gorsuch*, 771 F.3d at 1240; *see also Frank*, 3 F.3d at 1365.

  *i.* <u>*There is no Showing of Undue Delay.*</u>

There is no undue delay in seeking to amend the Complaint because, as explained above, the case law which serves as the basis for this motion to amend has only been decided within the last several months. *See supra* n. 3. The cases cited above in Footnote three were decided in 2023, some even as recently as the end of July. *See Nieves*, No. 120CV01191JLROTW, 2023 WL 4763945, at *10. Because courts throughout the country have recently held that nominal damages are recoverable under the Rehabilitation Act, Plaintiff respectfully requests that she be permitted to request the same.

Notably, it was not until Defendant filed its Motion for Summary Judgment on July 3, 2023, which, in part, argued that Plaintiff had no live claim for damages, that

4

Plaintiff determined, in the abundance of caution, that she wished to amend her Complaint. *See* response to MSJ at n. 3 [ECF 91]; *but see Nieves,* No. 120CV01191JLROTW, 2023 WL 4763945, at *10; *see also Doe v. Fairfax Cnty. Sch. Bd.*, No. 118CV00614MSNIDD, 2023 WL 424265, at *5 (E.D. Va. Jan. 25, 2023). Based on *Nieves* and *Fairfax Cnty. Sch. Bd.*, Plaintiff does not believe that she is required to amend her Complaint to include a claim for nominal damages; however, given Defendant's arguments in its MSJ, Plaintiff seeks to amend her Complaint to specifically include a claim for nominal damages.

    ii.    *Defendant Cannot Identify Prejudice.*

Defendant cannot demonstrate prejudice by this motion because the amendments only clarify the damages which Plaintiff may recover at trial. *See* 2nd Am. Compl., **Ex. A**. Notably, in June of 2022, Ms. Mullen specifically contacted Defendant to discuss potential settlement considering the Supreme Court's decision in *Cummings*, and Defendant specifically declined to engage based on "the unresolved legal issues." *See* Email re Settlement, **Ex. B**. Defendant cannot, now, after it elected to sit on its hands waiting to see the impact of *Cummings*, claim that it has been unfairly prejudiced by its own decision. *Id*. Moreover, damages have been presumed throughout this litigation, and Defendant even acknowledged that nominal damages may be available under the Rehab Act. *See* 1st Am. Compl. ¶¶ 121, 130, 132, 157, 160, 163, 198; *Id* at "Prayer for Relief" ¶¶ 3, 5 [ECF 16]; s*ee* MSJ at 21 [ECF 84].

    iii.    *There is no Bad Faith or Dilatory Motive.*

There is no bad faith or dilatory motive behind the Motion to Amend the First Amended Complaint. *See supra* at 4-5. Ms. Mullen simply seeks to clarify the categories

5

of damages she is seeking in light of Defendant's MSJ and the case law detailing damages post-*Cummings*.

    iv.    *The Amendment is Not Being Utilized to Untimely Cure Deficiencies.*

Plaintiff's first motion to amend the Complaint came in November 2021, several months before the Supreme Court's decision in *Cummings,* and over a year before the recent decisions clarifying post-*Cummings* relief under the Rehab Act. *See* Unopposed Motion to Amend the Complaint [ECF 15]. The instant Motion is being filed post-*Cummings* and is a direct result of the Supreme Court's ruling in *Cummings*, therefore, Plaintiff could not have cured these deficiencies previously.

    v.    *The Amendment Would not be Futile.*

As detailed above, nominal damages are all available damages for under the Rehab Act claims. *See supra* at n. 3. Defendant moved for summary judgment, in part, alleging that Plaintiff has no live claims for damages. *See* MSJ at 21 [ECF 84]. If this Court were to agree with Defendant, Plaintiff's claims would not survive even though she is entitled to recover nominal damages. To deny Plaintiff the opportunity to clarify the damages sought in her Complaint after a change in law would not be in the interests of justice. *See Pumpco, Inc.*, 204 F.R.D. at 668. Further, allowing Plaintiff to amend the Complaint clears up any ambiguity as to what her damages are at trial and only benefits both parties.

**C. Ms. Mullen is Entitled to a Jury Trial.**

Ms. Mullen also requests to reinstate her demand for a jury trial as Plaintiff's damages for pain and suffering and loss of opportunity are legal damages, which, as explained above courts have held are recoverable under the Rehab Act, and which entitle

6

Plaintiff to a jury trial under the Seventh Amendment. *See supra* at n. 3; *see also Adams v. Cyprus Amax Mins. Co.*, 149 F.3d 1156, 1159 (10th Cir. 1998).

## CONCLUSION

This Court should find that good cause exists to allow Plaintiff to amend her First Amended Complaint as there has been an intervening change in law as it relates to the damages available to Plaintiff under her Rehab Act claim. In the same vein, this Court should give leave to amend because there is no showing of undue delay, no prejudice to Defendant, no bad faith or dilatory motive, no failure to cure deficiencies by amendments previously allowed, and the amendment would not be futile. Along with her motion for leave to Amend the First Amended Complaint, Plaintiff also reinstates her demand for a jury trial.

WHEREFORE, Plaintiff' respectfully requests that the Court find that Plaintiff has demonstrated good cause to amend the Complaint pursuant to F.R.C.P. 15(a)(2), F.R.C.P. 16(b) and D.C.Colo.LCivR 15.1. Plaintiff requests that the Court grant leave to amend the Frist Amended Complaint and Jury Demand and reinstate Plaintiff's claim for a jury trial.

Dated: August 25, 2023

Respectfully submitted,

KONTNIK | COHEN, LLC

*s/ Spencer J. Kontnik*
Spencer J. Kontnik
Austin M. Cohen
Matthew L. Fenicle
201 Steele Street, Suite 210
Denver, Colorado 80206
Telephone: (720) 449-8448
Fax: (720) 223-7273

E-Mail: skontnik@kontnikcohen.com
E-Mail: acohen@kontnikcohen.com
E-Mail: mfenicle@kontnikcohen.com
*Attorneys for Plaintiff*

8