IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–2398–CNS–MDB

CYNTHIA MULLEN,

    Plaintiff,

v.

GENE CLAPS, in his official capacity as the Sheriff of the County of Adams

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Plaintiff Cynthia Mullen's Motion for Leave to Amend the First Amended Complaint. (["Motion to Amend"], Doc. No. 93.) Defendant Gene Claps has responded, and Plaintiff has replied. (["Response"], Doc. No. 99; ["Reply"], (Doc. No. 105.) The Court held a hearing on this Motion ["Hearing on the Motion to Amend"] on October 4, 2023. (Doc. No. 106.) For the reasons set forth herein, the Court respectfully recommends that Motion to Amend be **DENIED.**

### BACKGROUND

This lawsuit arises from an incident that occurred on August 24, 2020, when police arrested Plaintiff. (Doc. No. 1 at ¶ 1.) Plaintiff is deaf and primarily uses American Sign Language to communicate. (*Id.*) Additionally, due to amputations to her right leg and left toe, Plaintiff requires a wheelchair for transportation. (Doc. No. 1 at ¶¶ 22-24.) Plaintiff alleges that at the time of her arrest, the police denied her requests for an interpreter. (*Id.* at ¶¶ 62-68.)

1

Additionally, after police determined Plaintiff was the primary aggressor and transferred her to a holding cell, they had her spend the night in the cell without any interpreters or an accessible bed, forcing her to "sit upright in the old rickety wheelchair overnight[.]" (*Id.* at ¶¶ 102-29.) According to the Complaint, Plaintiff sustained "real and intangible injuries, including but not limited to, pain and suffering, humiliation, inconvenience, physical injury, and emotional distress" during the detention. (*Id.* at ¶ 161.)

On September 3, 2021, Plaintiff initiated this action alleging the police: (1) discriminated against her based on her disabilities in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and (2) engaged in outrageous conduct under Colorado law. (*Id.* at ¶¶ 154-176.) The Complaint states that due to her injuries, Plaintiff is entitled to "compensatory damages and any other relief to the fullest extent permitted by law and in an amount to be determined at trial." (*Id.* at ¶ 163.)

On November 8, 2021, Plaintiff filed a First Amended Complaint alleging the same Rehabilitation Act violation and requesting the same damages, but voluntarily dismissing the outrageous conduct claim and adding two additional defendants.[1] (Doc. No. 16 at ¶¶ 181-210.)

On August 25, 2023, Plaintiff filed the instant Motion to Amend her First Amended Complaint, seeking leave to add nominal damages and reinstate her request for a jury trial.[2] (Doc. No. 93 at 1.)

---

[1] Although Plaintiff initially filed this lawsuit against three co-defendants, the Court dismissed two co-defendants on November 29, 2022, and Defendant Claps substituted in for the third co-defendant, Richard Reigenborn, on February 17, 2023. (Doc. No. 58; Doc, No. 76.) Therefore, Defendant Claps is the only defendant remaining in this litigation.

[2] The Honorable Charlotte N. Sweeney previously ruled that Plaintiff was not entitled to a jury trial under the Seventh Amendment because she sought equitable relief. (Doc. No. 73 at 2-3.) This Order was issued in connection with "Adams County Defendants' Motion to Strike Plaintiff's Jury Demand," (Doc. No. 50), to which Plaintiff never responded.

2

**LEGAL STANDARDS**

When a party files a motion to amend after the deadline for amendment of pleadings expires, the Court considers the motion under a two-step inquiry. First, the Court considers whether the moving party has demonstrated good cause to amend the Scheduling Order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1240 (10th Cir. 2014). Next, the Court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The standard requires the movant to show it could not meet the scheduling deadlines despite the movant's diligent efforts. *Gorsuch*, 771 F.3d at 1240. This burden is satisfied when, for example, a party learns new information through discovery or when the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quotation omitted).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West*, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the

burden of showing that the proposed amendment is improper. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow an amendment is within the trial court's discretion, and failing to satisfy either Rule 16 or Rule 15 is sufficient to deny a motion for leave to amend. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019).

Additionally, as relevant here, "a claim for nominal damages . . . asserted solely to avoid otherwise certain mootness, b[ears] close inspection." *Carter v. Tahsuda*, 743 F. App'x 823, 825 (9th Cir. 2018) (quoting *Arizonans for Off. Eng. v. Ariz.*, 520 U.S. 43, 71 (1997)); *see also Olson v. City of Golden*, 541 F. App'x 824, 828-29 (10th Cir. 2013) (noting that while "a claim for nominal damages will satisfy Article III's case or controversy requirement" the case at issue did "not warrant applying that rule to a claim for nominal damages 'extracted late in the day from [Olson's] general prayer for relief and asserted solely to avoid otherwise certain mootness'") (quoting *Arizonans for Off. Eng.*, 520 U.S. at 71.).

## ANALYSIS

The deadline for amendment of pleadings was December 10, 2021, and the present Motion to Amend was filed on August 25, 2023. (Doc. No. 68 at 9; Doc. No. 93 at 1). Therefore, Plaintiff's Motion to Amend is untimely, and she must show good cause pursuant to Rule 16(4)(b).

The Court first applies the good cause standard to the portion of the Motion to Amend concerning nominal damages. (Doc. No. 93 at 1.) Plaintiff argues that due to the United States Supreme Court's decision in *Cummings v. Premier Rehab Keller PLLC*, 142 S. Ct. 1562 (2022), she can no longer recover emotional distress damages, but she is entitled to nominal damages.

4

(*Id.* at 2.) Defendant responds that Plaintiff's belated motion is asserted to avoid mootness and that, in any case, Plaintiff is not entitled to nominal damages. (Doc. No. 99 at 8, 10.)

In *Cummings*, the Supreme Court ruled that emotional distress damages cannot be recovered in cases brought under the Rehabilitation Act. *Cummings*, 142 S. Ct. at 1572-76. It did not, however, explicitly preclude the recovery of nominal damages. *Id.* Thus, immediately after the *Cummings* decision, Plaintiff could have sought to include a claim for nominal damages. However, Plaintiff waited until August 25, 2023, to amend the Scheduling Order—over a year after the *Cummings* decision. *See Tesone*, 942 F.3d at 984-85 (denial of motion to amend proper where party sought to amend a scheduling order nine months after the pertinent deadline had passed); *Gary G. v. United Healthcare*, No. 2:17-cv-00413-DN-DAO, 2021 WL 778578, at *1 (D. Utah Mar. 1, 2021) ("[T]he moving party must show good cause . . . for the length of time between learning of the new information warranting amendment and moving to amend."). And while Plaintiff argues that her delay was due in part to the evolving case law since the *Cummings* decision, (Doc. No. 93 at 2), the Court cannot overlook the fact that Colorado's more recent developments in this area of the law occurred as early as May of this year, several months before the filing of this Motion to Amend. (*Id.* at 2 (citing *Williams v. Colorado Dep't of Corr.*, No. 21-cv-02595-NYW-NRN, 2023 WL 3585210, at *7 (D. Colo. May 22, 2023)).

Furthermore, the Court agrees with Defendant that Plaintiff appears to be seeking amendment to avoid mootness. Where a mootness argument is already pending, courts exercise great restraint on motions to amend. *See Carter*, 743 F. App'x. at 825; *Olson*, 541 F. App'x at 828-29.

Finally, and based on the Court's review of the asserted damages in the operative complaint, Plaintiff's broad pleading arguably encompasses a claim for nominal damages

already. Permitting amendment to include a claim that appears to be included in the operative pleading already, could be wasteful.[3]

Next, the Court turns to the issue of "reinstatement" of Plaintiff's demand for a jury trial. The Honorable Charlotte N. Sweeney previously struck Plaintiff's demand for a jury trial. (Doc. No. 73 at 3.) During the Hearing on the Motion to Amend, Plaintiff explained that at the time, the law did not provide a basis to demand a jury trial. Plaintiff therefore had no other option but to concede in the face of Defendant's motion to strike the jury demand. Plaintiff further argued that the law has since evolved, and because the law now *does* provide a basis for a jury demand, Plaintiff's prior jury demand should be reinstated.

It may be true that the law has evolved in Plaintiff's favor, and that a jury trial is warranted, but this Court is not in a position to override the presiding judge's previous decision. *See generally Harrington v. Aerogelic Ballooning, LLC*, No. 18-cv-02023-MSK-NYW, 2019 WL 2613334, at *3 n.3 (D. Colo. Apr. 25, 2019) (declining to address an issue because the Court was proceeding in a referral capacity). If Plaintiff now has a basis for requesting a jury trial, she must raise this issue with the presiding judge, likely as a motion for reconsideration or a request for relief from the presiding judge's prior order.

For the reasons set forth herein, the Court does not find good cause to amend the Scheduling Order under Rule 16(b). And because this Court finds Rule 16(b) is not satisfied it need not address the Rule 15 standards for leave to amend. *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [the movants] lacked good cause to amend their pleadings after the

---

[3] To be clear, the Court offers this observation only for the limited purpose of deciding this Motion to Amend, nothing more. Indeed, it is for the presiding judge to decide, in connection with the pending motion for summary judgment, whether or not the operative pleading is broad enough to encompass a claim for nominal damages. If the presiding judge determines it is not sufficiently broad, she could—depending on her decision as to other summary judgment arguments—direct Plaintiff to file an amended complaint at that time.

scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying motion to amend because the movant failed to establish "good cause" under Rule 16(b)(4)).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Amend be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated October 11, 2023.

**BY THE COURT:**

_____

Maritza Dominguez Braswell
United States Magistrate Judge