IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-02398-CNS-MDB

CYNTHIA MULLEN

        Plaintiff

v.

GENE CLAPS, in his official capacity as the Sheriff of the County of Adams,

        Defendants.

## UNOPPOSED MOTION TO STAY THE DEADLINE TO OBJECT TO THE MAGISTRATE'S RECOMMENDATION

Plaintiff, by and through undersigned counsel, submits this Unopposed Motion to Stay the Deadline to Object to the Magistrate's Recommendation, and states as follows:

### CONFERRAL

1. Under D.C.Colo.L.Civ.R 7.1(a), the parties conferred on October 17, 2023, and Defendant does not oppose a request to stay the deadline to object to the Magistrate Recommendation, which is October 25, 2023. *See* Recommendation [ECF 108].

2. Contemporaneously with this Unopposed Motion, the parties are contacting chambers to request a status conference with Judge Sweeney. Specifically, Plaintiff requests a brief stay to allow the parties to conduct a status conference with Judge Sweeney prior to the deadline to object to the Recommendation. Plaintiff wished to address the following at the status conference: (1) Plaintiff's request to include a claim for nominal damages in the operative

complaint, and (2) Plaintiff's request to reinstate a jury trial. *See generally* Mtn. Amend. First Am. Compl. [ECF 93].

## PROCEDURAL HISTORY

3. On October 11, 2023, after accepting briefings and hearing oral arguments regarding the foregoing request, Magistrate Judge Braswell issued an Order Recommending Plaintiff's Motion for Leave to Amend the First Amended Complaint be denied. *See* Recommendation [ECF 108]. The deadline for Plaintiff to file an objection is October 25, 2023.

4. With respect to amending the Complaint to include a claim for nominal damages, the Recommendation states "[p]ermitting amendment to include a claim that appears to be included in the operative pleading already, could be wasteful." *Id*. Plaintiff agrees that it would be wasteful to file an Amended Complaint if the operative complaint includes a claim for nominal damages. However, the Recommendation does not explicitly state that the operative complaint includes a claim for nominal damages. *Id* (holding that it ***appears*** that the operative complaint includes a claim for nominal damages). This is a critical distinction because the parties specifically argued the issue of whether the operative complaint includes a claim for nominal damages. *See* MSJ at 21 [ECF 84]; Resp. MSJ at 13, 17-19, Fn. 3 [ECF 91]. Notably, this issue may be mooted by a ruling on the MSJ. *Id*. However, at this juncture, it appears that Plaintiff will need to file an objection to the Recommendation to address its request for nominal damages.

5. With respect to Plaintiff's request for a jury trial, the Recommendation states, "[i]f Plaintiff now has a basis for requesting a jury trial, she must raise this issue with the presiding judge, likely as a motion for reconsideration or a request for relief from the presiding judge's prior order." Recommendation at 6 [ECF 108]. Like the request to include a claim for nominal damages,

the request to reinstate a jury trial is based on the change in the intervening law regarding the damages that are available under Section 504 post-*Cummings*. *See* Resp. to MSJ at 18-19 [ECF 91]; *see also* Mtn. Amend. First Am. Compl. at 1-4 [ECF 93]. Based on the instructions in the Recommendation, Plaintiff also now needs to file a Motion for Reconsideration to request relief from the prior order vacating the jury trial shortly after the Supreme Court's decision in *Cummings*. *See generally* Mtn. Strike Jury Demand (citing *Cummings v. Primer Rehab Keller, PLLC*, No. 20-219, 2022 U.S. LEXIS 2230 *10 (April 28, 2022)) [ECF 50]

6.  As currently situated, it is Plaintiff's understanding that she must (1) file an objection to the recommendation with respect to the request to include a claim for nominal damages, and (2) file a motion for reconsideration or a request for relief from the presiding judge's prior orders with respect to the request for a jury trial. Although the title of the document may be different, the foregoing is the same relief that Plaintiff sought to address in her Motion to Amend the First Amended Complaint. *See generally* Mtn. Amend. First Am. Compl. [ECF 93]. To the extent Plaintiff made a procedural error in attempting to address the foregoing by way of a request to Amend the Complaint, she accepts full responsibility for the same. However, at this juncture, both parties' endeavor to address the foregoing as efficiently as possible without duplicative briefings.

## ARGUMENT

7.  Under F.R.C.P. 6(b)(1)(A), the Court may extend the time to respond for good cause. As explained below, there is good cause to stay the deadline until the parties can appear at a status conference with Judge Sweeney.

3

8. The parties believe a status conference with Judge Sweeney will allow the parties to eliminate the need for duplicative motion practice. For instance, if Plaintiff can address her request to include a claim for nominal damages and her request for a jury trial through an objection to the Recommendation, then she will not need to also file a Motion for Reconsideration. Alternatively, if the Court can rule on the pending summary judgment motions in the future, then the need for future briefings may be mooted. Both parties wish to streamline the proceedings, and a status conference would benefit all parties as well as promote judicial efficiency by cutting down on the number of motions.

9. The requested extension is supported by good cause and not made for purposes of delay. Neither party will be prejudiced by the stay. To date, one stipulation for extension of time for the Defendant to file its answer has been filed with the Court in this matter and the Court has granted four motions for an extension of time, one for Plaintiff to respond to the Motion to Dismiss, one for Plaintiff to respond to the Motion to Preclude Expert Testimony of Roger Williams, one to file a response to the Motion for Summary Judgment, and one to file a Reply to the Motion to Amend. *See* Stipulation Regarding Time to Fille an Answer [ECF 17]; Minute Order Granting Extension of Time to Respond to MTD [ECF 28]; Order Granting Extension of Time to Respond to Motion to Preclude Expert Testimony [ECF 83]; Order Granting Extension of Time to Respond to the MSJ [ECF 89]; and Order Granting Extension of Time to Reply to the Motion to Amend [ECF 102].

10. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this Motion will be served on the Plaintiff contemporaneously with its filing.

## CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that this Court STAY the deadline to object to the Recommendation until after the parties are able to appear for a status conference with Judge Sweeney.

Respectfully submitted this 18th day of October 2023.

>Respectfully submitted,
>
>KONTNIK | COHEN, LLC
>
>
>*s/ Matthew L. Fenicle*
>Matthew L. Fenicle
>Spencer J. Kontnik
>Austin M. Cohen
>201 Steele Street, Suite 210
>Denver, Colorado 80206
>Phone: (720) 449-8448
>Fax: (720) 223-7273
>E-Mail: mfenicle@kntnikcohen.com
>E-mail: skontnik@kontnikcohen.com
>E-Mail: acohen@kontnikcohen.com
>*Attorneys for Plaintiff*