IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02398-CNS-MDB

CYNTHIA MULLEN,

    Plaintiff,

v.

GENE CLAPS, in his official capacity as the Sheriff of the County of Adams,

    Defendant.

# ORDER

Before the Court is the Recommendation to Deny Plaintiff's Motion for Leave to Amend the First Amended Complaint (ECF No. 108) by United States Magistrate Judge Maritza Dominguez Braswell issued on October 11, 2023. Neither party objected to Magistrate Judge Dominguez Braswell's Recommendation. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

### I.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Cynthia Mullen is a 64-year-old woman who is deaf; she primarily uses American Sign Language ("ASL") to communicate (ECF No. 1, ¶ 1). She also is physically disabled due to amputations to her right leg and left toe—a disability which requires her to use a wheelchair for transportation (*id.*, ¶¶ 1, 22–24).

1

On August 24, 2020, the Brighton Police Department arrested Ms. Mullen. (*id.*, ¶ 1). She alleges that the police denied her access to an ASL interpreter following the wrongful arrest (*id.*). The police also denied her access to a bed, forcing her to "sit upright in the old rickety wheelchair overnight" (*id.*, ¶¶ 2, 102–29) The wheelchair caused Ms. Mullen pain, and she was unable to communicate that information to the detention facility staff without an ASL interpreter (*id.*, ¶ 103). Plaintiff alleges that she sustained "real and intangible injuries, including but not limited to, pain and suffering, humiliation, inconvenience, physical injury, and emotional distress" during her detention (*id.*, ¶ 161).

On September 3, 2021, Plaintiff filed a complaint in this Court against the Board of County Commissioners for Adams County, Colorado (*id.*). She alleges that the police (1) discriminated against her based on her disabilities in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and (2) engaged in outrageous conduct under Colorado law (*id.*, ¶¶ 154–76). She seeks damages, reasonable attorney fees, costs, and other "relief . . . to the maximum extent permitted by law" (*id.* at 20).

Plaintiff filed her First Amended Complaint on November 8, 2021 (ECF No. 16). She maintained her Rehabilitation Act claim against the Board of County Commissioners but voluntarily dismissed her outrageous conduct claim (*id.*, ¶¶ 181–90). She also added two additional Defendants—Adams County Sherriff Richard Reigenborn and WellPath, LLC (*id.*, ¶¶ 191–210). On November 29, 2022, the Court dismissed co-Defendant Board of County Commissioners and WellPath, LLC, and Defendant Claps substituted in for the third co-Defendant, Sheriff Reigenborn (ECF No. 58 at 13).

Almost two years after the deadline to amend pleadings expired, Plaintiff sought leave to file a Second Amended Complaint for the sole purpose of explicitly including a claim for nominal damages and to reinstate her request for a jury trial (ECF No. 93 at 1–2). The Court referred the Motion for Leave to Amend to Magistrate Judge Dominguez Braswell (ECF No. 94). Magistrate Judge Dominguez Braswell recommended denying the motion, finding that good cause did not exist to amend the scheduling order under Fed. R. Civ. P. 16(b) (ECF No. 108 at 6–7). In terms of nominal damages, however, Magistrate Judge Dominguez Braswell commented without deciding that Plaintiff's broad pleading in her First Amended Complaint arguably encompasses a claim for nominal damages, which would make amendment of the First Amended Complaint unnecessary for that specific issue (*id.* at 5–6). As to Plaintiff's attempt to reinstate her request for a jury trial, because this Court previously struck Plaintiff's demand for a jury trial (ECF No. 73 at 3), Magistrate Judge Dominguez Braswell ruled that she could not override the presiding judge's previous decision and recommended Plaintiff file a motion for reconsideration with this Court (ECF No. 108 at 6).

## II. ANALYSIS & ORDER

When—as is the case here—a party does not object to the Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* The Court has reviewed

3

Magistrate Judge Dominguez Braswell's Recommendation and is satisfied that the Recommendation is sound and that there is no clear error on the face of the record.

The Court also notes that on December 1, 2023, the Court discussed the Recommendation with the parties during an in-person status conference (ECF No. 112). Plaintiff requested to stay the deadline to file objections to the Recommendation until after the Court rules on the pending summary-judgment motion (*id.*). Defendant did not oppose Plaintiff's request (*id.*). During the hearing, however, the Court told the parties that it believes that nominal damages were already encompassed within the prayer for relief in the First Amended Complaint. And the Court agreed that Plaintiff should file a motion for reconsideration on the jury issue in lieu of objecting to the Recommendation. Therefore, filing an objection to the Recommendation would not be necessary.

### III. CONCLUSION

Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge Dominguez Braswell's Recommendation to Deny Plaintiff's Motion for Leave to Amend the First Amended Complaint (ECF No. 108) as an order of this Court. Plaintiff's Motion for Leave to Amend the First Amended Complaint is DENIED (ECF No. 93).

DATED this 18th day of December 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge