IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-02398-CNS-MDB

CYNTHIA MULLEN

       Plaintiff

v.

GENE CLAPS, in his official capacity as the Sheriff of the County of Adams,

       Defendants.

## MOTION FOR RECONSIDERATION OF THE ORDER ON MOTION TO STRIKE PLAINTIFF'S DEMAND FOR A JURY

Plaintiff, Cynthia Mullen, by and through her undersigned counsel, submits this Motion for Reconsideration of the Order on Motion to Strike Plaintiff's Demand for a Jury under Rule 59(e), and further states as follows:

Pursuant to D.C.ColoLCirR 7.1 undersigned counsel conferred with counsel for the Defendant, and Defendant opposes the relief sought herein.

### INTRODUCTION

This Motion for Reconsideration is predicated on the Court's forthcoming Order on Defendant's Motion for Summary Judgment ("MSJ"). Plaintiff acknowledges that this Motion may be premature, however, the deadline to file is January 5, 2024. *See* 2023.12.01 Min. Entry [ECF 112]. If the Court grants Defendant's MSJ, this Motion will be moot. Alternatively, if the Court denies Defendant's MSJ, the Court's Order on the MSJ will become the law of the case, and thus, govern Plaintiff's ability to recover damages. Given the deadline to file this Motion in conjunction with the pending MSJ, Plaintiff has drafted this Motion to Reconsider with the assumption that the Court will deny Defendant's MSJ.

1

The parties have already presented extensive briefing regarding the categories of damages available in this case. *See* MSJ at 19-21 [ECF 84]; Resp. to MSJ at 16-18 [ECF 91]; Reply to MSJ at 7-8 [ECF 92]; Mtn. Am. Compl. at 2, 6-7 [ECF 93]; Resp. Mtn. Am. Compl. at 11-13 [ECF 99]; Reply Mtn. Am. Compl. at 4, 6-7 [ECF 105]. Specifically, at issue here, is Plaintiff's ability to recover physical pain and suffering and/or loss of opportunity damages.[1] The Tenth Circuit has not addressed whether physical pain and suffering damages and/or loss of opportunity damages are available under the Rehabilitation Act.

Thus, the Court's Order on the MSJ will become the law of the case and represent the controlling law governing damages. If the Court permits Plaintiff to pursue physical pain and suffering damages or loss of opportunity damages, then Plaintiff will be entitled to seek legal damages,[2] which should properly be decided by a jury. *See Adams v. Cyprus Amax Mins. Co.*, 149 F.3d 1156, 1159 (10th Cir. 1998).

## PROCEDURAL HISTORY

On November 8, 2021, Plaintiff filed her First Amended Complaint alleging claims for discrimination under Section 504 of the Rehabilitation Act ("Rehab Act"). *See* Am. Compl. [ECF 16]. At the time she filed, the Supreme Court had not issued its order in *Cummings*, and the prevailing law was that a plaintiff could recover uncapped compensatory damages under the Rehab Act. *See Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009); *but see Cummings v. Premier Rehab Keller PLLC*, 142 S. Ct. 1562, 1576 (2022).

On May 11, 2022, after the Supreme Court issued its decision in *Cummings* and after

---

[1] As discussed at the December 1, 2023, hearing, Plaintiff is also seeking nominal damages. *See* 2021.12.18 Order at 4 [ECF 114].

[2] *See Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570, (1990) (holding that compensatory damages are legal in nature).

conferring with undersigned regarding the same, Defendant filed a Motion to Strike the jury trial. *See* Mtn. Strike [ECF 50]. At the time of Defendant's conferral with undersigned, Plaintiff was still grappling with the effect of the Supreme Court's decision in *Cummings*, which seemingly held that compensatory damages were no longer available under the Rehab Act. *See Cummings*, 142 S. Ct. at 1562; *see also* Am. Compl. [ECF 16]. Ultimately, Plaintiff elected not to file a response because, at the time, it appeared that Defendant's briefing was correct.

On February 10, 2023, at Defendant's request, this Court struck Plaintiff's request for a jury trial. *See* 2023.02.10 Order [ECF 73]. However, recently, federal courts throughout the country have consistently held that plaintiffs can recover specific categories of compensatory damages post-*Cummings*. *See Chaitram v. Penn Med.-Princeton Med. Ctr.*, No. CV2117583MASTJB, 2022 WL 16821692, at *2 (D.N.J. Nov. 8, 2022) (citing *Montgomery v. D.C*, No. 18-1928, 2022 WL 1618741, at *25 (D.D.C. May 23, 2022) ("while [plaintiff] cannot recover either emotional distress or reputation damages in light of *Cummings*, [s]he may be able to recover some small amount of damages to compensate [her] for the opportunity [she] lost when [she] was denied the ability to meaningfully access and participate in her own [interrogation]."); *Doe v. Fairfax Cnty. Sch. Bd*., No. 118CV00614MSNIDD, 2023 WL 424265, at *5 (E.D. Va. Jan. 25, 2023) (collecting cases that allowed for other forms of compensatory damages post-*Cummings*); *A.T. v. Oley Valley Sch. Dist*., No. CV 17-4983, 2023 WL 1453143, at *4 (E.D. Pa. Feb. 1, 2023); *Williams v. Colorado Dep't of Corr*., No. 21-CV-02595-NYW-NRN, 2023 WL 3585210, at *7 (D. Colo. May 22, 2023).

Should this Court adopt the foregoing analysis from its fellow district courts, then Plaintiff will be entitled to recover damages that were previously not available at the time the Court struck Plaintiff's request for a jury trial.

## LEGAL STANDARD

Motions under Fed. R. Civ. P. 59(e) are generally disfavored, however, the court may reconsider a prior ruling where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). At issue in this case is the first exception with respect to the categories of damages available post-*Cummings*.

Generally, a change in the law must be based on binding precedent from a Supreme Court ruling, a published Tenth Circuit opinion, or a published opinion from this Court. *See InfoCision Mgmt. Corp. v. Griswold,* No. 20-CV-0357-WJM-KLM, 2022 WL 3099065, at *2 (D. Colo. Aug. 4, 2022) (denying a motion for reconsideration when the moving party relied on a non-binding case as its basis to move for reconsideration.) However, Plaintiff respectfully submits that the pertinent question for the purpose of this Rule 59(e) Motion is whether the law is binding on the case at issue. *Id* (the issue is whether there is "an intervening change in the controlling law which binds this Court.") The Order on the MSJ will be binding and, in this regard, the Court has latitude to implementing the law of the case doctrine. *See Entek GRB, LLC v. Stull Ranches, LLC,* 840 F.3d 1239, 1242 (10th Cir. 2016).

## ARGUMENT

The Court's Order on the MSJ with respect to damages is the critical factor in deciding whether a jury trial is warranted in this case. Plaintiff respectfully submits that, to the extent the Court denies Defendant's MSJ, the Court should exercise judicial discretion in applying the law of the case and allow a jury to consider Plaintiff's claimed damages for physical pain and suffering and/or loss of opportunity damages.

4

This case is unique and distinguishable from *InfoCision* because the Court has not yet ruled on the MSJ. The forthcoming Order on the MSJ will merely be informed by non-binding case law from other district courts, and once decided, it will become binding under the law of the case doctrine. *See Entek GRB, LLC v. Stull Ranches, LLC,* 840 F.3d 1239, 1242 (10th Cir. 2016). Notably, the Court struck Plaintiff's request for a jury trial based on the fact that Plaintiff had no legal damages after *Cummings*. *See* 2023.02.10 Order at 3 [ECF 73]. However, if the Court determines that Plaintiff can recover physical pain and suffering and/or loss of opportunity damages based on the briefings presented in the MSJ, then Plaintiff will be able to recover legal damages, which represents a change in the law of the case. Thus, the Court should reconsider its prior Order which was not informed by the foregoing case law interpreting *Cummings*.

Defendant will likely argue that Plaintiff could have raised these arguments when Defendant originally sought to strike the request for a jury trial in May 2022. *See* Motion to Strike [ECF 50]. Plaintiff respectfully disagrees because Defendant's Motion was filed thirteen (13) days after *Cummings*, and at the time there were only three (3) cases citing Cummings across the entire Country. *See Feinberg by & through Feinberg v. Betts*, No. CV 19-00289 JMS-WRP, 2022 WL 19796011, at *1, fn 2, (D. Haw. May 6, 2022) (citing *Cummings* in a footnote as it relates to the availability of emotional distress damages under Title II of the ADA); *see also C.S. v. Madison Metro. Sch. Dist.*, 34 F.4th 536, 541 (7th Cir. 2022) (citing *Cummings* for its analysis of the spending clause legislation as it applies to Title IX); *see also Coleman v. Cedar Hill Indep. Sch. Dist.*, No. 3:21-CV-2080-D, 2022 WL 1470957, at *3, fn 2, (N.D. Tex. May 10, 2022) (citing *Cummings* in a footnote where the plaintiff had additional claims outside of the Rehabilitation Act that were unaffected by *Cummings*). Essentially, Defendant's argument is that Plaintiff should have sought to contest its request to strike the jury trial based on theoretical

5

arguments. At the time of Defendant's filing requesting to strike the jury demand, Plaintiff was unable to identify case law that would allow Plaintiff to argue that certain categories of compensatory damages are, in fact, available.

Now, however, there are numerous cases from across the country that provide insight into what specific kinds of compensatory damages are available under Rehab Act claims. *See supra* at 3. Respectfully, if this Court follows the reasoning of its fellow district court judges and denies Defendant's MSJ, then the Court should also reconsider its Order striking plaintiff's jury demand based on the availability of legal damages at trial.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court RECONSIDER its prior Order on the Motion to Strike the Jury Demand, and HOLD that the trial scheduled for June 10, 2024, be conducted in front of a jury.

Respectfully submitted this 29th day of December 2023.

                                                    KONTNIK | COHEN, LLC

                                                    *s/ Matthew L. Fenicle*
Spencer J. Kontnik
Austin M. Cohen
Matthew L. Fenicle
201 Steele Street, Suite 210
Denver, CO 80206
Telephone: (720) 449-8448
skontnik@kontnikcohen.com
acohen@kontnikcohen.com
mfenicle@kontnikcohen.com
*Attorneys for Plaintiff*