**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-cv-02398-CNS-MDB

CYNTHIA MULLEN,

    Plaintiff

v.

GENE CLAPS, in his official capacity as the Sheriff of the County of Adams,

    Defendants.

---

**FINAL PRETRIAL ORDER**

---

**1. DATE AND APPEARANCES**

A final pretrial conference was held on January 11, 2024, at 9:00 a.m., before United States District Judge Charolotte Sweeney, and will be attended by the following:

| | |
|---|---|
| Spencer J. Kontnik, | Michael A. Sink |
| Matthew L. Fenicle | Kerri A. Booth |
| KONTNIK \| COHEN, LLC | Adams County Attorney's Office |
| 201 Steele Street, Suite 210 | 4430 South Adams County Parkway, Suite C5000B |
| Denver, Colorado 80206 | Brighton, Colorado 80601 |
| E-Mail: skontnik@kontnikcohen.com | E-Mail: msink@adcogov.org |
| E-Mail: mfenicle@kontnikcohen.com | E-Mail: kbooth@adcogov.org |
| Telephone: (720) 449-8448 | Telephone: (720) 523-6116 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**2. JURISDICTION**

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occurred in the District of Colorado.

# 3. CLAIMS AND DEFENSES

**Plaintiff**:

Plaintiff asserted a claim under Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794 *et seq*. Defendant owns, operates, and controls the Adams County Detention Facility ("Detention Facility"). Plaintiff's claim stems from Defendant's intentional discrimination toward Plaintiff by refusing to provide appropriate auxiliary aids including American Sign Language ("ASL) interpreters to Plaintiff, who is deaf, while she was detained at the Detention Facility.

Defendant has not asserted that it would have been an undue burden or a fundamental alteration to provide Plaintiff with ASL interpreters while she was at the Detention Facility. Instead, Defendant contends that is provided effective communication to Plaintiff by communicating with her via written notes, most of which were improperly disposed of prior to this litigation. Plaintiff will present evidence that communicating in written English does not provide her with effective communication, and that Defendant was aware of its obligation to provide ASL interpreters to Ms. Mullen to afford her with effective communication. Plaintiff will also present evidence of the physical pain and suffering she endured due to the lack of communication access as well as the loss of opportunity she had to participate in the booking process and communicate while she was detained.

**Defendant:**

Sheriff Claps asserts neither he nor his predecessor can be directly sued under Section 504 of the Rehabilitation Act for the acts or omissions of the Detention Facility employees or the hired outside medical service provider, the latter of which was a separately named defendant that was

dismissed from the case (ECF 58) and has had final judgment entered in its favor. (ECF 64) At summary judgment, the Sheriff has also asserted he is entitled to Eleventh Amendment immunity.

Sheriff Claps also denies that the Detention Facility staff engaged in any intentional wrongful actions involving Ms. Mullen and further denies that either he, his predecessor, or his staff violated Ms. Mullen's statutory rights at or during Ms. Mullen's late-night arrival and overnight incarceration at the Adams County Detention Facility. Ms. Mullen was not denied access to medical service or any other prison services while briefly incarcerated overnight in the Adams County Detention Facility. Ms. Mullen can sufficiently communicate in written English to be booked into the jail and housed in the medical bay, whereupon she executed a written refusal of medical services. Second, Ms. Mullen's request for an ASL interpreter was passed along to the Adams County Courthouse where Ms. Mullen was provided an ASL interpreter for her court appearance the next morning. In the meantime, she was provided access the ASL-translated prison materials and the video phone. Moreover, even if she were to prevail, Ms. Mullen's potentially available damages are no more than nominal and limited to $1.

## 4. STIPULATIONS

1. Ms. Mullen was arrested by the Brighton Police on August 24, 2020.
2. Ms. Mullen arrived at the Adams County Detention Facility on August 24, 2020, at 11:48 p.m.
3. Ms. Mullen left the Adams County Detention Facility on August 25, 2020, at 12:19 p.m.
4. Adams County owns the Adams County Detention Facility.

5. In August 2020, former Adams County Sheriff Richard A. Reigenborn operated and controlled the Adams County Detention Facility.

6. The Adams County Sheriff received federal funds in 2020 that were for use at the Adams County Detention Facility.

7. WellPath, LLC contracted to provide health care services at the Adams County Detention Facility.

8. WellPath, LLC operates and controls the medical services provided at the Adams County Detention Facility.

9. ASL is a different language that English.

10. Ms. Mullen's right leg was amputated.

11. Richard A. Reigenborn is the Adams County Sheriff until January, 2023.

12. The Adams County Sheriff is a Colorado State agency for purposes of operating and controlling the Adams County Detention Facility.

13. The Adams County Sheriff is responsible for operating and implementing policies for the Adams County Detention Facility.

14. The Adams County Sheriff furnishes and provides appliances for the Adams County Detention Facility.

15. The Adams County Sheriff presents vendor contracts to the Board of County Commissioners for review, and the Board executes them after approval to form by the County Attorney's Office.

16. When Ms. Mullen arrived at the Adams County Detention Facility, there were no ASL interpreters present.

17. Adams County Detention Facility staff determined Ms. Mullen was hard of hearing upon intake at the Detention Facility.

18. Adams County Detention Facility staff determined Ms. Mullen was an amputee and used a wheelchair upon intake at the Detention Facility.

19. Adams County Detention Facility staff transported Ms. Mullen using a wheelchair upon intake at the Detention Facility.

20. An Adams County Detention Facility officer played an ASL movie for Ms. Mullen about what to do as an inmate when transferred to a jail cell.

21. The Adams County Detention Facility has a video phone that Ms. Mullen was allowed to use, and made one phone call.

22. Ms. Mullen did not use the video phone to communicate with Detention Facility staff.

23. Adams County Detention Facility staff provided Ms. Mullen with a cot.

24. Ms. Mullen was taken for a medical evaluation by a WellPath, LLC employee.

25. There was no Detention-Facility provided ASL interpreter at a second visit with a nurse.

26. There was no Detention-Facility provided ASL interpreter for Ms. Mullen during her detention at the Adams County Detention Facility.

27. Ms. Mullen remotely appeared in Adams County district court on August 25, 2020.

28. The Adams County Detention Facility staff notified the courthouse that Ms. Mullen was deaf and communicates using ASL.

29. Ms. Mullen was provided an ASL interpreter to understand the legal proceedings.

## 5. PENDING MOTIONS

Defendant's Motion to Preclude Expert Testimony of Roger Williams, and his Motion for Summary Judgment are pending. [ECF 79; ECF 84]. Plaintiff's Motion for Reconsideration of Order on Motion to Strike Plaintiff's Jury Demand is also pending before this Court. [ECF 116].

## 6. WITNESSES

a.  List the nonexpert witnesses to be called by each party:

(1) Witnesses who will be present at trial. (see Fed. R. Civ. P. 26(a)(3)(A)):

i) <u>Cynthia Mullen</u>: 15358 East 99th Way, Commerce City, Colorado 80022. Ms. Mullen is the Plaintiff in this action and will testify through a certified ASL interpreter at trial regarding all issues. Ms. Mullen will testify about her disability, her need for ASL interpreters, and her experience being at the Detention Facility. Ms. Mullen will also testify about her physical pain and suffering and loss of opportunity damages.

ii) <u>Deputy Sarah Kraefft</u>: Adams County Sheriff's Deputy, 4430 S. Adams County Pkwy, Suite W5400, Brighton, CO 80601. Deputy Kraefft will testify to her experiences and interactions with Plaintiff as she was one of the individuals who processed Plaintiff through the booking process. She also can testify to the policies and procedures of defendant at the time.

iii) <u>Timothy Jungclaus</u>: Adams County Sheriff's Deputy Commander, 4430 S. Adams County Pkwy, Suite W5400, Brighton, CO 80601. Mr. Jungclaus was designated as the 30(b)(6) deponent for Defendant and will testify to Defendant's policies and procedures in place. Specifically, Mr. Jungclaus will testify to the policies regarding ASL interpreter requests, how to process a deaf detainee, what to do when there is a request, who Defendant could contact at the time for an ASL interpreter, who defendant contracts with now for ASL interpretation services, and training provided to Defendant's staff on handling Deaf or Hard of Hearing detainees.

**Defendant:**

i) <u>Deputy Sarah Kraefft</u>: Adams County Sheriff's Deputy, 4430 S. Adams County Pkwy, Suite W5400, Brighton, CO 80601. Deputy

Case No. 1:21-cv-02398-CNS-MDB   Document 119   filed 01/11/24   USDC Colorado   pg 7 of 14

        Kraefft will testify to her experiences and interactions with Plaintiff as she was one of the individuals who processed Plaintiff through the booking process. She also can testify to the policies and procedures of defendant at the time.

    ii)    Deputy Jeffery Stein: Adams County Sheriff's Deputy, 4430 S. Adams County Pkwy, Suite W5400, Brighton, CO 80601. Deputy Stein will testify to his interactions with Plaintiff during the booking process and his attempts to obtain an ASL interpreter for Ms. Mullen after her request for the same. He can also testify to the policies and procedures of defendant at the time.

(2)    Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff**:

    i)    Deputy Jeffery Stein: Adams County Sheriff's Deputy, 4430 S. Adams County Pkwy, Suite W5400, Brighton, CO 80601. Deputy Stein may be called a s witness to testify to his interactions with Plaintiff during the booking process and his attempts to obtain an ASL interpreter for Ms. Mullen after her request for the same.

    ii)    Deborah Johnson: 15358 East 99th Way, Commerce City, Colorado 80022. Ms. Johnson is Plaintiff's roommate and may be called to testify to Plaintiff's disability, her communication needs, and her physical pain and suffering Plaintiff endured while at Defendant's Detention Facility

**Defendant:**

    i)    Chris Laws: Adams County Sheriff's Deputy Commander, 4430 S. Adams County Pkwy, Suite W5400. As the former Division Chief for Jail Division of the Adams County Detention Facility, Chief Laws may testify regarding the policies and procedures of the Adams County Detention Facility.

    i)    Timothy Jungclaus: Adams County Sheriff's Deputy Commander, 4430 S. Adams County Pkwy, Suite W5400Brighton, CO 80601. Mr. Jungclaus was designated as the 30(b)(6) deponent for Defendant and may be called to testify to Defendant's policies and procedures in place before, during, and after Ms. Mullen's incarceration at the detention facility. Specifically, Mr. Jungclaus will testify to the various policies regarding ASL interpreter

7

requests, how to process a deaf detainee, what to do when there is a request, who Defendant could contact at the time for an ASL interpreter, who defendant contracts with now for ASL interpretation services, and training provided to Defendant's staff on handling Deaf or Hard of Hearing detainees.

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26 (a)(3)(B):

**Plaintiff:**

None.

**Defendant:**

None.

b. List the expert witnesses to be called by each party:

(1) witnesses who will be present at trial. (see Fed. R. Civ. P. 26(a)(3)(A)):

**Plaintiff:**

i) <u>Roger Williams</u>: 30 Wild Cherry Circle, Lyman, SC 29365. As an employee in the field of deafness since 1979, Mr. Williams will testify to his assessment of Plaintiff regarding her communication needs and abilities including her ability to communicate while detained at the Detention Facility.

**Defendant:**

None.

(2) witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)):

**Plaintiff:**

None.

**Defendant:**

None.

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26 (a)(3)(B):

**Plaintiff:**

None.

**Defendant:**

None.

### 7. EXHIBITS

(1) Plaintiff:

- **Exhibit 1** – Plaintiff's Amended Complaint and Jury Demand [ECF 16].
- **Exhibit 2**- 2022.04.20 Defendant's First Responses to Plaintiff's First Set of Interrogatories.
- **Exhibit 3**- 2022.04.20 Defendant's First Responses to Plaintiff's First Set of Requests for Production.
- **Exhibit 4**- 2022.04.20 Defendant's First Responses to Plaintiff's First Set of Requests for Admission.
- **Exhibit 5**- 2022.05.09 Defendant's Second Supplemental Responses to Plaintiff's First Set of Requests for Production.
- **Exhibit 6**- 2022.05.09 Defendant's Second Supplemental Responses to Plaintiff's First Set of Interrogatories.
- **Exhibit 7**- Handwritten notes from the Detention Facility. (AC 000022-23, AC000693).
- **Exhibit 8**- Defendant's Policy 330 Hearing Impaired/Disabled Communications (AC001997-002005).
- **Exhibit 9**- Defendant's Policy 329 Communications with Persons with Disabilities (AC006697-006705).
- **Exhibit 10**- Defendant's ADA Notification Poster (AC006707).
- **Exhibit 11**- Defendant's Request for Auxiliary Aid or Service Form completed (AC 000018).
- **Exhibit 12**- Defendant's Protocol for Using Employees with Bilingual Skills (AC 006708).

- **Exhibit 13**- Defendant's Professional Service Agreement for Translation and Interpretation Services (AC 006452).
- **Exhibit 14**- Post Order 109.1 Inmates with Disabilties (AC 001543-1547).
- **Exhibit 15**- March 3, 2021, Memo re: Post Order 109.1.2 (AC004896-4899).
- **Exhibit 16**- Post Order 12, Booking/Releasing Inmates (AC0001361-1366).
- **Exhibit 17**- Plaintiff's First Expert Disclosures
- **Exhibit 18**- Roger Williams CV (Mullen_AC_000058).
- **Exhibit 19**- Expert Report of Roger Williams
- **Exhibit 20**- Communication Skills Assessment of Ms. Mullen (Mullen_AC_000070-138).
- **Exhibit 21**- REALM Score Sheet-Mullen (Mullen_AC_000069).
- **Exhibit 22**- TOFHLA Booklet (Mullen_AC_000140-178).
- **Exhibit 23**- TOFHLA Scores-Mullen (Mullen_AC_000139).
- **Exhibit 24**-Williams Handwritten Notes (Mullen_AC_0000179-189).
- **Exhibit 25**- Mullen Medical File (AC_000031-80).
- **Exhibit 26**- Jungclaus Notes with PBO Stein (AC006694)
- **Exhibit 27**- Jungclaus Notes with Deputy Kraefft (AC006688-006693).
- **Exhibit 28**- Plaintiff's Booking File (AC_000001-28
- **Exhibit 29**- ADA Coordinator Job Description AC_006695-006696).

(2) Defendant:

- **Exhibit A -** U.S. District Court Civil Docket for Case No. 1:11-cv-03074-JLK-BNB

- **Exhibit B –** Order Granting Stipulated Motion to Dismiss and related Settlement Agreement regarding *Siaki, et al v. Douglas Darr,* Case No. 11-cv-03074-JLK (AC 004871-004890)

- **Exhibit C** – Adams County Contract with Wellpath (AC 000635-644)

10

- **Exhibit D –** Adams County Sheriff's Office Post Order 109.1 regarding Inmates with Disabilities (AC 001543-001547)

- **Exhibit E –** Adams County Sheriff's Office Protocol for Using Employees with Bilingual Skills (AC 006708)

- **Exhibit F -** Adams County Sheriff's Office Post Order 109.1.2 regarding Sorenson Video Relay Service (AC 004896-004897)

- **Exhibit G -** Adams County Sheriff's Office Policy No. 331 regarding Hearing Impaired/Disabled Communications (AC 000938-000946)

- **Exhibit H –** March 9, 2023 Deposition Transcript of Cynthia Mullen

- **Exhibit I –** Deposition of Cynthia Mullen in connection with *Mullen, et al v. South Denver Rehabilitation, LLC, et al,* Case No. 1:18-cv-01552-MEH

- **Exhibit J –** Cynthia Mullen's Responses to Adams County Defendants' First Set of Written Discovery dated April 8, 2022

- **Exhibit K –** Brighton Police Department Affidavit in Support of Warrantless Arrest (AC 000013-000014)

- **Exhibit L –** Brighton Handwritten Statement of Cynthia Mullen regarding Case Number 20-4156

- **Exhibit M –** March 2, 2023 Deposition Transcript of Sarah Kraeftt

- **Exhibit N –** Adams County Detention Facility American Sign Language Booking Video (AC 006626)

- **Exhibit O -** Adams County Sheriff's Office Request for Auxiliary Aid or Service form and log (AC 000018-000023)

- **Exhibit P -** Adams County Sheriff's Office Inmate Intake Acknowledgement (AC 000026-000028)

- **Exhibit Q -** Adams County Sheriff's Office Personal Property Intake documentation (AC 000003)

- **Exhibit R –** August 25, 2020 email from Jeffrey Stein to Jail Recap Group (AC 000024)

- **Exhibit S -** Adams County Sheriff's Office Detainee Court Appearance Record (AC 000011)

- **Exhibit T -** Adams County Sheriff's Office Inmate Log for Cynthia Mullen (AC 000030)

- **Exhibit U –** Adams County Detention Facility Court Services Interview and Bond Application (AC 000692-000693)

- **Exhibit V –** Appearance Bond regarding Case No. 202M3463 (AC 000009-000010)

- **Exhibit W –** Order to Dismiss Case regarding Case No. 2020M3463 (CM_ID_000046)

- **Exhibit X -** Adams County Sheriff's Office Post Order 109.1.2 – 2021 (AC 004896-004899)

- **Exhibit Y –** June 29, 2023 Affidavit of Timothy Jungclaus

- **Exhibit Z –** June 30, 2023 Affidavit of Jeffrey Stein

- **Exhibit AA -** Adams County Sheriff's Office New Employee Personnel Information regarding Kristofer Allen Runge (AC 006743-006745)

- **Exhibit BB -** Adams County Sheriff's Office Policy No. 330 regarding Hearing Impaired/Disabled Communications (AC 004060-004068)

- **Exhibit CC –** 30(b)(6) Deposition Notice of Defendant Gene Claps

- **Exhibit DD –** March 8, 2023 30(b)(6) Deposition Transcript of Timothy Jungclaus.

- **Exhibit EE -** Written Refusal of Medical Services (AC 000036)

- **Exhibit FF –** Adams County Detention Facility Medical Receiving Screening (AC 000040-000048)

(3) Other Parties:

None.

b. Copies of listed exhibits must be provided to opposing counsel an any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

Lead counsel for Plaintiff will require a CART interpreter for the trial.

Plaintiff also requires an ASL interpreter for the trial.

## 10. SETTLEMENT

Counsel for the parties have met and discussed in good faith the possibility of settlement at several points throughout this litigation, most recently by Zoom videoconferencing on December 27, 2023. The parties have been promptly informed of all offers of settlement. At this time, settlement seems unlikely. The parties do not at present intend to hold future settlement conferences. Counsel for the parties have considered ADR in accordance with D.C.Colo.L.Civ.R. 16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledges familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel has discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein.

This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. At this time, Trial is to the Court and is scheduled for June 10, 2024. A Trial Preparation Conference is set for May 24, 2024 at 3:00 p.m.

2. Estimated trial time is five (5) full days.

3. The trial and trial preparation conference will take place in Courtroom A702 in the Alfred A. Arraj United States Courthouse, Denver, Colorado.

4. Any other orders pertinent to the trial proceedings: None at this time, although the parties anticipate filing Motions in Limine.

Dated this 11th day of January 2024.

BY THE COURT

_____
Charlotte N. Sweeney
United States District Judge

APPROVED:

s/ Matthew L. Fenicle
Spencer J. Kontnik,
Matthew L. Fenicle
KONTNIK | COHEN, LLC
201 Steele Street, Suite 210
Denver, Colorado 80206
E-Mail: skontnik@kontnikcohen.com
E-Mail: mfenicle@kontnikcohen.com
Telephone: (720) 449-8448
*Attorneys for Plaintiff*

s/ Michael A. Sink
Michael A. Sink
Adams County Attorney's Office
4430 South Adams County Parkway, Suite C5000B
Brighton, Colorado 80601
E-Mail: msink@adcogov.org
Telephone: (720) 523-6116
*Attorney for Defendant*